IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROBERT TAPLIN                                                                                           PLAINTIFF

v.                                                                              CAUSE NO. 3:12-CV-8-CWR-FKB

MARK ELLINGTON, WAL-MART
STORE #1192, INSURANCE COMPANY                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the motion of Defendant Mark Ellington's and Defendant Wal-Mart Store #1192, Insurance Company's (collectively, "Defendants") Motion for Summary Judgment. Docket No. 23. The Court directed Plaintiff Robert Taplin to respond to the motion, which Plaintiff has failed to do. As such, the Court rules on Defendant's motion without the benefit of Plaintiff's arguments. Having carefully considered the record of this case, relevant statutory and case law, and being otherwise fully advised in the premises, for the reasons discussed below, the Court concludes that summary judgment should be GRANTED.

The facts of this case have been set forth in the Court's previous rulings on separate motions of the Defendants. *See Taplin v. Ellington*, No. 3:12-CV-8-CWR-FKB, 2012 WL 2886712 (S.D. Miss. July 13, 2012) (granting defendants' motion to dismiss the plaintiff's Title VII, 42 U.S.C. §§ 1981a and 1983, and Fourteenth Amendment claims). Plaintiff's original complaint included violations of the Fourteenth Amendment, U.S.C. §§ 1981a and 1983, the Family Medical Leave Act ("FMLA"), and claims of racial discrimination in violation of Title VII. *Id*. The only remaining issue is Plaintiff's claim that "he had wrongfully been denied a medical accommodation in violation of the Family Medical Leave Act . . . ," *id*. at 1, which the Court addresses herein.

In its motion, Defendants argue that Plaintiff's claim is time-barred under the statute. Docket No. 24, at 2. The Court agrees.

The pleadings establish that Plaintiff's rights under the FMLA were allegedly violated in August or September 2009, when Wal-Mart denied his request to only work day shifts, "in order to accommodate a diabetic condition causing him to fall asleep easily." *Taplin v. Ellington*, 2012 WL 2886712, at *1.[1] Plaintiff claims that Ellington played a role in this denial. "The statute of limitations for FMLA claims is three years for willful violations, 29 U.S.C. § 2617(c)(2), and two years for all other violations[,] 29 U.S.C. § 2617(c)(1). To establish a willful violation of the FMLA, a plaintiff must show that his employer 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute.'" *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 392-93 (5th Cir. 2005) (citations omitted). Plaintiff has not presented evidence showing Wal-Mart "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute," *id.*; therefore, the two-year limitation applies.

The FMLA states that "an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). Because Taplin brought his FMLA claim on January 5, 2012, Docket No. 1, he exceeded the FMLA's two-year time limitation, as Defendants' alleged violation occurred in September 2009. Thus, his FMLA claim will be dismissed and Defendants' motion is hereby GRANTED.

**SO ORDERED**, this the 5th day of December, 2013.

---

[1] The Defendants propounded Requests for Admissions to the Plaintiff, but he failed to respond to them. Defendants requested Taplin to admit that he "asked Wal-Mart to provide [him] with an accommodation for [his] diabetes in late August or early September 2009." Docket No. 23-2 (Request for Admission No. 3). Rule 36 of the Federal Rules of Civil Procedure "unambiguously states that when a request goes unaddressed for more than 30 days, it is admitted." *Love v. Marriott Intern., Inc.*, No. 3:11cv314, 2013 WL 588155, at *1 (S.D. Miss. Feb. 11, 2013). Taplin's failure to respond to any of the requests closed the door on his claim. *See Hill v. Breazeale*, 197 F. App'x 331, 337 (5th Cir. 2006) (affirming summary judgment when pro se plaintiff failed to timely respond to requests for admissions concerning essential issues of plaintiff's claim).

                        s/ Carlton W. Reeves
                        UNITED STATES DISTRICT JUDGE